[Cite as *Hahn v. Hahn*, 2012-Ohio-594.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96984

## LISA M. HAHN

PLAINTIFF-APPELLEE

vs.

## WILLIAM K. HAHN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP-D-304819

**BEFORE:**   E. Gallagher, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**    February 16, 2012

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio   44114


**ATTORNEY FOR APPELLEE**

Gary S. Okin
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio   44077

EILEEN A. GALLAGHER, J.:

{¶1}    William K. Hahn ("William") appeals from the trial court's decision, wherein objections filed by Lisa K. Hahn ("Lisa"), were sustained, in part, and which also modified the order of the magistrate issued July 19, 2010.   William argues the trial court abused its discretion in computing the child support amount, in failing to terminate that child support order, in failing to order Lisa to pay child support, in calculating the parties' income, and that the trial court's decision is against the manifest weight of the evidence.   Finding no merit to this appeal, we affirm the decision of the trial court.

{¶2}    The parties were married August 15, 1987 and two children were born as issue of the marriage, E.W.H., (d.o.b. 12/28/93) and J.T.H., (d.o.b. 1/4/97).   On May 17, 2005, Lisa filed for divorce from William, citing incompatibility.   On May 21, 2007, the

trial court granted the parties a judgment entry of divorce, which provided for shared parenting and incorporated a shared parenting plan. The judgment entry of divorce required William to pay to Lisa $1,000 per month, plus a two percent processing fee for the support of their two children; $3,000 per month, plus a two percent processing fee, in spousal support for a period of five years; and health insurance for the minor children.

{¶3} On February 26, 2009, William filed a series of motions with the trial court seeking the following: (1) the enforcement of the parties' judgment entry of divorce; (2) the modification of the parental rights and responsibilities of the parties' two minor children; (3) the modification of child support obligations; and (4) reimbursement of expenses relating to the children. Each of the above-filed motions contained a request for attorney fees, which was later withdrawn.

{¶4} The parties were unable to come to a resolution and the matter went to trial before a magistrate on March 2, 2010. On March 3, 2010, the parties reached an agreement resolving all issues relating to William's motion to modify parental rights and responsibilities. The parties agreed to modify the shared parenting plan to increase William's parenting time to equal that of Lisa's. In addition, the parties set forth specific details concerning which parent would receive the children on their birthdays and holidays. Further, the parties modified the shared parenting agreement to account for the minor children's extensive involvement with competitive and recreational skiing for which William agreed to be responsible.

**{¶5}** The remainder of the trial continued on March 9, 2010 and the parties filed closing arguments with the court. On July 19, 2010, the magistrate issued his decision.

**{¶6}** The magistrate granted William's motion to modify parental rights and responsibilities and incorporated the parties' modified shared parenting agreement as outlined above, into the decision.

**{¶7}** With respect to William's motion to modify child support, it was alleged during trial by William that there did exist numerous changes in circumstances warranting a modification of the court's previous child support order. He did demonstrate that Lisa's income rose from $40,000 at the time of divorce to $74,067 in 2009; that she could provide health insurance for the children for $2,727 annually, while his annual expense to provide health insurance was $6,060 annually; that his parenting time now equals that of Lisa's and that he provides for all the expenses of the children's competitive and recreational skiing, which exceeded $5,600 per year.

**{¶8}** The magistrate agreed with William's arguments and determined that based on the foregoing, a substantial change in circumstances existed to warrant the modification of the child support obligation and granted the motion to modify. The court determined Lisa's 2009 income to be $74,067 in addition to $36,000 in spousal support for a total income of $108,586 (after the deduction of local taxes) and determined William's income to be $191,393, from which he paid to Lisa $36,000 in spousal support, for a total income in 2009 of $151,565 (after the deduction of local

taxes). The court noted that while the child support obligation of $1,020 per month for both children represents a significant downward derivation from that outlined in R.C. 3119.04(B), the amount was agreed to by the parties, whose motivations at arriving at that amount were unknown to the court. The decision also reflected the changed parenting schedule, the changed health insurance abilities of the parties, and that William paid all costs for the children's recreational and competitive skiing on his own.

{¶9} With respect to the children's skiing, it was found that the minor children's standard of living certainly would have included both competitive and recreational skiing had the parties remained married. Lisa testified that she wanted the children to ski but did not want to contribute to the cost of said skiing. Consequently, the magistrate found that, pursuant to R.C. 3119.04(B), the annual cost of the children's participation in skiing should be considered child support and that William should be given a credit for that expense that was $5,600 annually. That figure was compared with the child support guidelines, which provide for a basic combined support obligation of $21,971. The decision reflected no need to upwardly depart from that amount because the parties had agreed that all of the needs of the children were being met. According to the magistrate, in conjunction with the child support guidelines, William's annual child support obligation equaled $5,230. When credited with the payment of the ski expenses in the amount of $5,600, it was determined that no further child support should be exchanged between the parties.

{¶10} Lastly, the magistrate determined that because Lisa could provide health insurance for the children at a significantly discounted rate than William was able to provide, Lisa would be required to provide the hospitalization from that point onward.

{¶11} William's motion for reimbursement for the money that he spent on his minor children, the majority of which allowed the children to continue skiing was denied. The magistrate found that his willingness to exceed his legal child support responsibility to be laudable, but also voluntary. The parties' shared parenting agreement, up until that time, did not provide for any responsibility to pay for ski expenses. As such, William was not entitled to further reimbursement of those funds already expended.

{¶12} After listening to the testimony of the parties, the magistrate determined that Lisa had failed to provide certain items of personal property to which William was entitled pursuant to the judgment entry of divorce, found her in contempt of the court's previous order, and sentenced her to 30 days in jail but provided her with the opportunity to purge the order of contempt.

{¶13} On October 18, 2010, Lisa filed a series of objections to the magistrate's decision, all of which related to the decision on William's motion to modify child support. On December 17, 2010, William filed his response to the objections but did not submit any of his own objections to the magistrate's decision.

{¶14} On June 6, 2011, the court issued its decision, adopting the magistrate's

decision, in part, and sustaining Lisa's objections, in part. The court noted that the objections related solely to William's motion to modify child support and adopted the magistrate's findings on all other portions of the decision. The court overruled the first objection and determined that the change in availability of health care at such a reduced rate alone, constituted a substantial change in circumstances that warranted a modification of child support.

{¶15} The remaining four objections to the magistrate's decision that related to the manner in which the magistrate calculated the parties' support obligations, were dealt with contemporaneously. The court found the magistrate's findings regarding the income of the parties to be supported by the testimony and overruled those portions of the objections.

{¶16} The court analyzed the magistrate's decision regarding the child support obligation and determined that the magistrate's calculations were erroneous. The present child support obligation was set at $1,020 per month by agreement of the parties, but with no explanation for the downward deviation. In his decision, the magistrate calculated the parties' combined child support obligation at $21,971 annually without making any adjustment despite the fact that the parties' combined income exceeded $150,000. The magistrate then adjusted William's obligation downward because the parties had equal parenting time. This resulted in the magistrate's calculation of William's child support obligation at $5,230 per year, or $435.93 per month, per child.

The magistrate next found that the children's standard of living included skiing, the cost of which was approximately $5,600 per year, which was paid solely by William. The magistrate found that there was no agreement in the parties' shared parenting plan or otherwise for payment of the annual ski-related expenses and William's willingness to pay these expenses was voluntary as Lisa was not willing to contribute to that cost and nothing in the prior order allocated any portion of that cost to her. Despite these findings, the magistrate offset the entire $5,600 cost against William's child support obligation, which he had already adjusted downward for equal parenting time. As stated above, the court found error with these calculations.

{¶17} The trial court recalculated the parties' child support obligations and noted that because the parties' combined incomes exceeded $150,000, the court must consider the standard of living of the children to determine an appropriate amount of child support. *See* R.C. 3119.04. The court determined that if the marginal rate of 10.5% were applied to the excess income, the total combined support obligation is increased to $33,537, with William's child support obligation being $21,128 annually or $1,760.67 monthly. The court found that child support should be calculated at this amount, then found it appropriate to deviate downward from this amount to account for his increased parenting time and contributions towards the children's skiing activities. The court found it to be in the children's best interest for William's child support obligation to be adjusted downward by $9,128 annually, resulting in a child support obligation of $1,000

per month for both children. Thus, the court sustained Lisa's objections, in part, and modified the magistrate's order by denying William's motion to modify child support, in part, and granting it, in part, only to the extent that Lisa be required to provide health insurance for the minor children. It is from this order that William appeals, raising the three assignments of error contained in the appendix to this opinion.

{¶18} In his first assignment of error, appellant argues that the trial court "erred and abused its discretion in calculating the child support order; and by failing to terminate the appellant's spousal [child][1] obligation and/or by failing to order the Appellee to pay child support to the Appellant." In his second assignment of error, William claims the trial court "erred and abused its discretion in determining the parties' incomes."

{¶19} Appellant combines the analysis of his first and second assignments of error and this Court will do likewise.

{¶20} Primarily, we note that appellant has impermissibly raised the following arguments: the trial court erred in its calculation of the parties' income, and that the court erred in failing to order Lisa to pay child support to William. Civ.R. 53(D)(3)(b)(iv) provides as follows:

---

[1]Although William's first assignment of error refers to the termination of his spousal support obligation, the body of his appeal refers to the termination of his child support obligation. As such, we can assume the inclusion of the word "spousal" was an error.

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶21} From the record, it is clear that not only did appellant fail to object to the portions of the magistrate's decision concerning the parties' respective incomes and the order of child support, William failed to object to any portion of the magistrate's decision. Accordingly, absent this court's determination that plain error exists, he is now precluded from raising these arguments now on appeal. Upon careful review of this case, we do not find that appellant has demonstrated that this is an extremely rare case where exceptional circumstances exist that require application of the plain error doctrine. *Woodworking Shop, LLC v. Shay*, 12th Dist. No. CA2009-298, 2010-Ohio-4568. Accordingly, this portion of William's first assignment of error, and his second assignment of error are overruled.

{¶22} We limit our analysis to William's arguments that the trial court abused its discretion in calculating the child support obligation and in failing to terminate his child support obligation.

{¶23} When reviewing matters related to child support, we apply an abuse of discretion standard. *Walk v. Bryant*, 4th Dist. No. 03CA7, 2004-Ohio-1295, 2004 WL 540919; *Kapadia v. Kapadia*, 8th Dist. No. 94456, 2011-Ohio-2255, 2011 WL 1849407.

**{¶24}** On a plain reading of the child support statute, R.C. Chapter 3119, we begin by noting that the applicable provisions set forth the procedure for determining the appropriate child support obligations based on three distinct tiers of the parties' annual aggregate gross income: (1) less than $6,600; (2) between $6,600 and $150,000; and (3) greater than $150,000. For the third tier, which is applicable to the instant case, the court determines the appropriate child support on a case-by-case basis, and is not required to apply the calculation worksheet. R.C. 3119.04(B). Use of the worksheet in this tier is directed to calculating a hypothetical child support amount that is equivalent to the amount an obligor would pay if the couple had an aggregate gross income of $150,000 or more. In this third tier, the court is bound by three requirements: (1) set the child support amount based on the qualitative needs and standard of living of the children and parents; (2) ensure that the amount set is not less than the $150,000-equivalent, unless awarding the $150,000- equivalent would be inappropriate (i.e., would be too much); and (3) if it decides the $150,000-equivalent is inappropriate or unjust (i.e., awards less), then journalize the justification for that decision. R.C. 3119.04(B). *See also Zeitler v. Zeitler*, 9th Dist. No. 04CA008444, 2004-Ohio-5551, 2004 WL 2348151; *Kapadia*.

**{¶25}** Because we review the application of this statute for abuse of discretion, we need only find a reasonable theory for the trial court's conduct, and conclude that the decision was not unreasonable, arbitrary, or unconscionable. *Kapadia*. Thus, we

review each of R.C. 3119.04(B)'s three requirements. In the present case, the trial court compiled the evidence and testimony and, considering the needs and standard of living, set an amount of child support. From the record, we can glean that the court determined the amount of child support at \$33,537, with appellant's child support obligation set at \$21,128 annually, or \$1,760.67 monthly. The trial court also determined the \$150,000-equivalent to be the same as the above. However, the court found the \$150,000-equivalent as calculated pursuant to the schedule, not just or appropriate, and not in the best interest of the children. The court found a reason for a downward deviation from application of the schedule and awarded child support in the amount of \$1,000 per month. In downwardly deviating from the schedule amount, the court issued findings, crediting William with his increased parenting time as well as his contributions towards the children's skiing activities. Accordingly, the court also complied with the third factor of R.C. 3119.04(B).

{¶26} Notwithstanding the foregoing, appellant argues that the trial court erred when it recalculated the child support amount and when it failed to terminate his child support obligation. Appellant argues that the trial court erred when it did not take into account the full amount he paid towards the children's skiing activities and that the court failed to sufficiently explain its calculations and departure from the magistrate's decision. He offers no authority, however, to this court as to why these arguments constitute a valid attack on the court's calculations but for the fact that he did not agree

with the amount of child support ordered by the court. We find the court's rationale easy to follow and well-supported by the applicable statutory and case law.

{¶27} Based on the foregoing, we find that the trial court's child support determination complies with the bounds of the law and is supported by competent credible evidence.

{¶28} The appellant's first and second assignments of error are overruled.

{¶29} In his third and final assignment of error, William argues that the trial court's decision is against the manifest weight of the evidence. However, in putting forth this assigned error, he fails to identify how the trial court's decision is against the manifest weight of the evidence. Appellant merely incorporates the remainder of his appellate brief as support for this assigned error, a failure that allows this court to disregard his argument. *See* App.R. 12(A)(2); App.R. 16(A)(7). "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), 9th Dist. Nos. 18349 and 18673, 1998 WL 224934.

{¶30} We have already determined that appellant's arguments, as set forth in the remainder of his brief, are without merit. Thus, we overrule his final assignment of error.

{¶31} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR