[Cite as *Hackett v. Hackett*, 2013-Ohio-4684.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DENISE K. HACKETT (NKA BERRY) | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 13CAF010002 |
| DAMIAN M. HACKETT | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of
Common Pleas, Domestic Relations
Division, Case No. 04-DSC-04-165


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 21, 2013


APPEARANCES:


For Plaintiff-Appellee      For Defendant-Appellant


DOUGLAS W. WARNOCK      SCOTT M. GORDON
20 East Central Avenue      40 N. Sandusky Street, Suite 300
Delaware, Ohio 43015      Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1}　Defendant-appellant Damian M. Hackett appeals the December 19, 2012 and January 15, 2013 Judgment Entries entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which overruled Appellant's objections to the magistrate's August 10, 2012 decision, approved and adopted said decision as order of the court.　Plaintiff-appellee is Denise K. Hackett, nka Berry.

STATEMENT OF THE CASE AND FACTS

{¶2}　Appellant and Appellee were married on November 7, 1992.　Two children were born as issue of the marriage, to wit: Cameron (DOB 4/26/95) and Mallory (DOB 2/9/98).　The trial court dissolved the parties' marriage via Decree of Dissolution of Marriage filed June 1, 2004.　Pursuant thereto, the parties agreed the parental rights and responsibilities for the minor children would be shared, Appellee would be designated as the residential parent for school-placement purposes, and Appellant would pay child support in the amount of $765.00/month for the minor children.　The parties filed a Decree of Shared Parenting on June 1, 2004.　Appellant's child support obligation remained the same for approximately seven years.

{¶3}　On June 23, 2011, Appellee filed a post-decree motion.　Therein, Appellee sought a lump-sum judgment against Appellant for payment and reimbursement of medical and other expenses.　She also requested a modification of and an increase in Appellant's child support obligation; an order Appellant provide proof of life insurance and other accounts for the children; and any other relief deemed appropriate by the trial court.　On January 4, 2012, Appellant filed a motion seeking a recalculation of and deviation from child support.　The magistrate conducted a hearing on the motions on

January 19, 2012, and April 23, 2012. At the time of the hearing, both parties had significantly higher incomes than they had when the marriage was dissolved in 2004. Appellant worked as an account manager at JRC Toyota and earned over $100,000, in 2011. Appellee worked as a teacher an earned over $77,000, in 2011.

{¶4} The magistrate issued his decision on August 10, 2012. The magistrate granted Appellee's motion for an increase in Appellant's child support obligation, increasing such to $1,274.24/month. The amount was calculated using a figure of $102,966.02, for Appellant's income, which represents the sum of Appellant's wages as shown on his 2011 W-2, $96,966.02, and his annual car allowance of $6,000. The magistrate denied Appellant's request for a recalculation and deviation from child support. Appellant filed timely objections to the magistrate's decision. Via judgment entry filed December 19, 2012, the trial court overruled all of Appellant's objections. The trial court approved and adopted the magistrate's decision via judgment entry filed January 15, 2013.

{¶5} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE SPECIFIC FACTS SUPPORTING ITS DECISION TO DESIGNATE FATHER AS THE OBLIGOR FOR PURPOSES OF COMPLETING A CHILD SUPPORT WORKSHEET, PURSUANT TO FRENCH V. BURKHART, 2000 WL 699656, *1, 4 (OHIO APP.5[TH] DIST.)

{¶6} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FAILING TO APPLY R.C. §3119.24 IN ITS ANALYSIS OF THE DEVIATION OF CHILD SUPPORT.

{¶7} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT A DEVIATION FROM THE GUIDELINE CHILD SUPPORT CALCULATION PURSUANT TO R.C. §3119.24 AND R.C. §3119.23.

{¶8} "IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN APPLYING R.C. §3119.05(D) BY NOT AVERAGING APPELLANTS' PRIOR THREE YEARS OF COMMISSIONS."

I

{¶9} In his first assignment of error, Appellant contends the trial court erred in failing to set forth specific facts in support of its decision to designate Appellant as obligor for purposes of completing a child support worksheet.

{¶10} Appellant did not object to the magistrate's failure to set forth facts supporting the decision to designate Appellant as obligor.

{¶11} Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)

{¶12} Because Appellant failed to object to the magistrate's decision, we find he has waived all but plain error. The plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy

of the underlying judicial process itself. *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997-Ohio-401, at syllabus.

**{¶13}** Appellant was designated obligor pursuant to the parties' Decree of Shared Parenting filed June 1, 2004, and approved by Appellant. Accordingly, we find no plain error in the trial court's designation of Appellant as obligor.

**{¶14}** Appellant's first assignment of error is overruled.

II

**{¶15}** In his second assignment of error, Appellant maintains the trial court erred as a matter of law by failing to apply R.C. 3119.24 in its analysis of the deviation of child support.

**{¶16}** R.C. 3119.24 imposes an obligation upon the court to calculate child support pursuant to the requirements of the statute. R.C. 3119.24 states:

(A)(1) A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, *the court may deviate* from that amount.

(2) The court *shall consider* extraordinary circumstances and other factors or criteria *if it deviates* from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination.

(B) For the purposes of this section, "extraordinary circumstances of the parents" includes all of the following:

(1) The amount of time the children spend with each parent;

(2) The ability of each parent to maintain adequate housing for the children;

(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;

(4) Any other circumstances the court considers relevant. (Emphasis added).

{¶17} The language in R.C. 3119.24(A)(2), which grants a trial court authority to deviate from the calculated child support order is discretionary. If, and only if, a trial court chooses to deviate from the worksheet is the trial court required to consider the factors.

{¶18} In the case subjudice, the trial court did not order a deviation; therefore, the trial court was not required to consider the factors. We find the trial court did not abuse its discretion.

**{¶19}** Appellant's second assignment of error is overruled.

III

**{¶20}** In his third assignment of error, Appellant submits the trial court abused its discretion in failing to grant a deviation from the guideline child support calculation pursuant to R.C. 3119.24 and 3119.23.

**{¶21}** In reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1984), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶22}** Generally, if a trial court issues a shared parenting order, the trial court must also order the payment of an amount of child support calculated using the child support schedule and the worksheet set forth in R.C. 3119.022. R.C. 3119.24(A). The guideline child support amount which results from the use of the basic child support schedule and the applicable worksheet (through the line establishing actual annual obligation) is presumed to be the correct amount of child support due. R.C. 3119.03. However, if the guideline child support amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount." R.C. 3119.24(A). The factors which guide the trial court's decision to deviate include R.C. 3119.23(D), "[e]xtended parenting time"; R.C. 3119.23(C), "[o]ther court-

ordered payments"; R.C. 3119.23(G), "[d]isparity in income between the parties or households"; R.C. 3119.23(H), "[b]enefits that either parent receiveds from remarriage or sharing living expenses with another person"; R.C. 3119.23(J), "[s]ignificant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing; and R.C. 3119.23(P), "[a]ny other relevant factor."

{¶23} In *Pauly v. Pauly,* 80 Ohio St.3d 386 (1997), the Supreme Court of Ohio addressed whether R.C. 3113.215(B)(6)(a), now R.C. 3119.24(A) mandated an automatic decrease in child support for any time a parent might spend with a child beyond the shared parenting plan schedule. The court found the relevant statute did not extend any automatic reductions; instead, the statute vested the trial court with the discretion to deviate downward from the guideline child support amount if the circumstances, including extended parenting time, justified such a deviation. *Id.* at 389–90.

{¶24} The trial court specifically found a downward deviation from the guideline support would not be in the children's best interest, noting the unique activities in which the children were involved as well as the significant increase in both parties' incomes since the original shared parenting decree. Upon review of the entire record, we find the trial court's decision not to grant Appellant a downward deviation was not an abuse of discretion.

{¶25} Appellant's third assignment of error is overruled.

IV

{¶26} In his fourth assignment of error, Appellant asserts the trial court erred and abused its discretion in calculating the amount of child support using Appellant's current income, rather than by averaging.

{¶27} Pursuant to R.C. 3119.05(H), the trial court, "when appropriate," may average the obligor's income over a reasonable period of years in order to compute "gross income" for a child support order. The decision to do so lies within the trial court's discretion and will not be reversed absent abuse of discretion. *Johnson v. Huddle,* 4th Dist. No. 03CA19, 2004–Ohio–410, at ¶ 12.

{¶28} Averaging one's income is utilized when a party's income is "unpredictable or inconsistent." *Scott G.F. v. Nancy N.W.,* 6th Dist. No. H–04–015, 2005–Ohio–2750, at ¶ 46. "[I]ncome averaging is appropriate when gross income varies due to circumstances and factors beyond the parent's control, no matter what the source may be. It is no more 'fair' to penalize a parent and order much higher child support after an uncommonly good financial year, than it would be to penalize the child for a parent's temporary decline in income." *Id.* at ¶ 47.

{¶29} A review of the record reveals Appellant's employment changed in 2009, and he received unemployment benefits that year. We find income averaging under these facts and circumstances would not be appropriate given the different employments, the varied pay structures, the period of unemployment, and the receipt of unemployment compensation. Accordingly, we cannot say the trial court abused its discretion in the not utilizing averaging to calculate Appellant's income.

{¶30} Appellant's fourth assignment of error is overruled.

**{¶31}** The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

_____

HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DENISE K. HACKETT (NKA BERRY)    :
                                        :

    Plaintiff-Appellee                  :

                                          :

-vs-                                      :          JUDGMENT ENTRY

                                        :

DAMIAN M. HACKETT              :

                                          :

    Defendant-Appellant          :          Case No. 13CAF010002

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.

 

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY